IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN M. KORICH,

    Plaintiff,
 and

UCARE MINNESOTA, INC.,

    Intervenor Plaintiff,
 v.                ORDER

JAMES M. KERCE and STATE FARM MUTUAL  16-cv-186-jdp
AUTOMOBILE INSURANCE COMPANY,

    Defendants,
 and

ALLSTATE INDEMNITY COMPANY,

    Intervenor.

---

This case appears to be over, although a few loose ends remain. Plaintiff Kevin M. Korich was seriously injured while riding as a passenger in a car driven by his father. Korich sued the other driver involved in the accident, James M. Kerce, and Kerce's insurer, State Farm Mutual Automobile Insurance Company. The court allowed Allstate Indemnity Company to intervene to contest its obligation to pay underinsured motorist coverage benefits to Korich. Dkt. 16. And the court allowed UCare Minnesota, Inc., to intervene to seek reimbursement from defendants for its payment of Korich's medical expenses. Dkt. 37.

Korich and defendants have settled all claims brought by Korich against defendants. Dkt. 41. Defendants' pending motion for partial summary judgment, Dkt. 19, appears to be mooted by the settlement, and defendants failed to indicate whether they wished to withdraw

the motion despite the court's order that they do so, Dkt. 40, so the court will deny the motion as moot.

Allstate wishes to withdraw its pending summary judgment motion, Dkt. 26, and voluntarily dismiss its intervenor complaint without prejudice. Dkt. 38 and Dkt. 42. Because no parties have filed any cross- or counterclaims against Allstate, the court will dismiss Allstate's case without prejudice under Federal Rule of Civil Procedure 41(a)(2).

Thus, only UCare's claim remains. UCare's claim arises under state law and does not meet the amount-in-controversy requirement to allow for original jurisdiction under 28 U.S.C. § 1332. When the claims allowing for original jurisdiction are dismissed before trial, the general rule is that the court should decline to exercise supplemental jurisdiction over the remaining claims "to minimize federal judicial intrusion into matters of purely state law." *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015) (quoting *Carr v. CIGNA Secs., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996)). Given the fact that UCare moved to intervene less than a month before Korich and defendants notified the court of their settlement agreement, the court sees no reason to deviate from the general rule. So the court is inclined to dismiss the case entirely, but it will provide a short deadline for the parties to file an objection to this course of action, should they wish to do so.

ORDER

IT IS ORDERED that:

1. Defendants James M. Kerce and State Farm Mutual Automobile Insurance Company's summary judgment motion, Dkt. 19, is DENIED as moot.

2. Intervenor Allstate Insurance Company's summary judgment motion, Dkt. 26, is DENIED without prejudice.

3. Intervenor Allstate Insurance Company's case is DISMISSED without prejudice.

4. The parties may have until May 19, 2017, to show cause as to why the court should not dismiss the case entirely. If the court receives no response by this deadline, it will dismiss all claims without prejudice and direct the clerk of court to close the case.

Entered May 9, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge